Leo S. Ward
Abbie Nordhagen Cziok
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
800 N. Last Chance Gulch, Suite 101
P.O. Box 1697
Helena, MT 59624-1697
Telephone: (406) 443-6820
Facsimile: (406) 443-6883
leow@bkbh.com
abbie@bkbh.com

*Attorneys for Titan Machinery, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ROBERT HOLY CROSS,<br><br>    Plaintiff,<br><br>  v.<br><br>CNH INDUSTRIAL AMERICA, LLC and TITAN MACHINERY, INC.,<br><br>    Defendants. | Case No. 19-CV-74-SPW-TJC<br><br>**TITAN MACHINERY INC'S PRELIMINARY PRETRIAL STATEMENT** |

Defendant Titan Machinery, Inc. ("Titan"), by and through its counsel of record, Browning, Kaleczyc, Berry and Hoven, P.C., submits its Preliminary Pretrial Statement pursuant to the Court's Order of October 17, 2019, and L.R. 16.2(b)(1).

1

The information included below is based on Titan's current understanding of the case. Defendant reserves the right to amend its responses as discovery proceeds.

## A. BRIEF FACTUAL OUTLINE OF THE CASE

Robert Holy Cross, the Plaintiff in this case, purchased a Case 590SN backhoe from Titan Machinery in Billings, Montana, on May 17, 2018. The backhoe was supplied to Titan by CNH Industrial America, LLC. The backhoe was delivered to Plaintiff on May 17, 2018.

Plaintiff alleges that on June 20, 2018, while operating the backhoe, the temperature on the seat heater rose to a level at which Plaintiff suffered burns.

On information and belief, Plaintiff was a paraplegic, unable to use the foot brake that comes standard on the kind of backhoe at issue, but yet operated the backhoe on his own. At this time, Defendant Titan is unsure whether the backhoe was altered to accommodate Plaintiff's specific needs. If any changes were made, proof of breach of any duty and causation do not exist in this case.

## B. BASIS FOR FEDERAL JURISDICTION AND VENUE

Defendant Titan removed this case from the Montana Thirteenth Judicial District Court, Yellowstone County, on the basis of diversity of jurisdiction, pursuant to 28 U.S.C. 1332 and 1441. Plaintiff and Defendant CNH Industrial America, LLC did not contest this.

Venue is proper as a substantial part of the events or omissions giving rise to the claim occurred in this district. 28 U.S.C. § 1391.

### C. & D. THE FACTUAL AND LEGAL BASES OF EACH DEFENSE ADVANCED BY TITAN MACHINERY

This case is in the preliminary stages of investigation and discovery. The factual grounds for Titan's defenses are summarized in Part A of this Preliminary Pretrial Statement. There may be facts not yet discovered or the importance of which is not yet fully understood that would further support Titan's defenses. Titan reserves the right to plead additional affirmative defenses or raise factual defenses as may be learned or the significance of which is made known during discovery.

1. <u>First Affirmative Defense. The Complaint fails to state a claim upon which can be granted.</u> As discussed above, without the necessary elements of a negligence claim, Plaintiff's Complaint would fail.

2. <u>Second Affirmative Defense. Plaintiff discovered the defect or the defect was open and obvious. Mont. Code Ann. § 27-1-719.</u> Discovery is ongoing and given that we do not yet know what Plaintiff knew, this defense is asserted to avoid waiving such defense.

3. <u>Third Affirmative Defense. The Plaintiff unreasonably made use of the product and was injured by it. Mont. Code Ann. § 27-1-719.</u> Given that Plaintiff may not have been able to use the foot brake as manufactured, but that

Plaintiff did operate the backhoe, it is possible that Plaintiff altered the backhoe to accommodate his needs.

4. <u>Fourth Affirmative Defense. The product was unreasonably misused by the user or consumer and the misuse caused or contributed to the injury. Mont. Code Ann. § 27-1-719.</u> Given that Plaintiff may not have been able to use the foot brake as manufactured, but that Plaintiff did operate the backhoe, it is possible that Plaintiff altered the backhoe to accommodate his needs.

5. <u>Fifth Affirmative Defense. Plaintiff's damages, if any, were caused in whole or in part by the comparative negligence of a third party and, therefore, any recovery is barred or diminished in accordance with Mont. Code Ann. § 27-1-702.</u> Discovery is ongoing so this defense is asserted to avoid waiving such a defense. It remains unclear whether any unidentified third party caused or contributed to Plaintiff's injury. Pursuant to Mont. Code Ann. § 27-1-703, such third party conduct may be relevant.

6. <u>Sixth Affirmative Defense. Plaintiff contributed to his damages, and, therefore, any recovery is barred or diminished in accordance with Mont. Code Ann. § 27-1-702.</u> Any and all fault attributed to Plaintiff must be accounted for in determining causation of injury.

7. <u>Seventh Affirmative Defense. Defendants are entitled to contribution from any party or non-party whose negligence may have contributed as a</u>

proximate cause to the injury complained of in the complaint, under the provision of Mont. Code Ann. § 27-1-703. As discussed above, Titan disputes any and all causation attributed to Titan. Therefore, to the extent Plaintiff recovers damages in this case, such damages attributed to Titan, if any, must be reduced by the percentage of fault attributed to other parties.

8. Eighth Affirmative Defense. Pursuant to Mont. Code Ann. § 27-1-308, Defendants are entitled to reduction and or set-off for any collateral source payments. Certain collateral sources may be considered as an offset for any recovery obtained by Plaintiff.

9. Ninth Affirmative Defense. Plaintiff assumed the risk with regard to any activities causing his injuries. Given that Plaintiff may not have been able to use the foot brake as manufactured, but that Plaintiff did operate the backhoe, it is possible that Plaintiff altered the backhoe to accommodate his needs.

**E. COMPUTATION OF DAMAGES**

It is the position of Titan that it owes no damages to the Plaintiff. Titan is not currently seeking damages from Plaintiff except legal fees and costs, as allowed by law.

**F. RELATED STATE OR FEDERAL LITIGATION**

Titan is not aware of any other related state or federal litigation.

G.  **PROPOSED ADDITIONAL STIPULATION OF FACT AND UNDERSTANDING AS TO WHAT LAW APPLIES**

Titan does not propose any additional stipulations of fact at this time.

H.  **PROPOSED DEADLINES**

*See* the Joint Discovery Plan filed September 3, 2019.

I.  **CONTROLLING ISSUES OF LAW SUITABLE FOR PRETRIAL DISPOSITION**

1. Whether Titan breached any duty to Mr. Holy Cross

2. Whether any of Mr. Holy Cross's injuries were proximately caused by Titan's breach, if any?

Titan reserves the right to raise additional dispositive issues by motion should such issues become apparent through discovery.

J.  **THE NAME, CITY, AND STATE OF CURRENT RESIDENCE OF EACH INDIVIDUAL KNOWN OR BELIEVED TO HAVE INFORMATION THAT MAY BE USED IN PROVING OR DENYING ANY PARTY'S CLAIMS OR DEFENSES, AND A SUMMARY OF THAT INFORMATION**

1. Plaintiff, Robert Holy Cross; c/o Heenan & Cook PLLC. Plaintiff has knowledge of the facts underlying his claims.

2. Larry Christiansen; c/o Browning, Kaleczyc, Berry & Hoven, P.C. Larry Christiansen is Titan's Safety & Risk Coordinator and will have information regarding his initial investigation of this claim.

3. David Weller; c/o Browning, Kaleczyc, Berry & Hoven, P.C. He was the service associate that sold Plaintiff the backhoe at issue.

4. Mark Frey; c/o Browning, Kaleczyc, Berry & Hoven, P.C. He was the service manager at the Billings location and filled out the repair paperwork to repair the seat heater on Plaintiff's backhoe.

5. Joseph Rinaldi; c/o Browning, Kaleczyc, Berry & Hoven, P.C. He provided information regarding the backhoe's specifications.

6. Plaintiff's treating providers. Upon information and belief, Plaintiff's treating providers may have information regarding Plaintiff's long-term prognosis and his alleged damages.

7. Any other individuals identified in the course of the investigation and discovery who have knowledge of the circumstances surrounding claims and damages.

8. Any witnesses identified by any other party in the case.

**K.  THE SUBSTANCE OF ANY INSURANCE AGREEMENT THAT MAY COVER ANY RESULTING JUDGMENT**

The declarations page for the insurance policy that may provide coverage for the claims asserted by Plaintiff is still being sought by Titan.

**L.  STATUS OF SETTLEMENT DISCUSSIONS AND PROSPECTS FOR COMPROMISE**

Plaintiff and Titan are actively engaged in settlement negotiations.

**M.     SUITABILITY OF SPECIAL PROCEDURES**

Titan is not aware of any necessary special procedures.

DATED this 14th day of November, 2019.

        BROWNING, KALECZYC, BERRY & HOVEN, P.C.


        By /s/ Leo S. Ward
           Leo Ward
           Abbie Cziok

        *Attorneys for Titan Machinery, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of November, 2019, a true copy of the foregoing was served:

*Via ECF to the following parties*:

John Heenan
Heenan & Cook
1631 Zimmerman Trail, Suite 1
Billings, MT 59102

Gerry Fagan
Moulton Bellingham, PC
27 North 27th Street, Ste 1900
P.O. Box 2559
Billings, MT 59103-2559


    /s/ Leo S. Ward
BROWNING, KALECZYC, BERRY & HOVEN, P.C.